**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Rafiqul Islam, *on behalf of himself and others*
*similarly situated in   the proposed FLSA*
*Collective Action,*

|                            |                       |
|----------------------------|-----------------------|
|                *Plaintiff,* | Case No.:             |

**Jury Trial Demanded**

- against -

**COMPLAINT**

Ben's Kosher Delicatessen & Restaurant Inc.,
West 38 Kosher Deli Inc., Ronald M. Dragoon,
and Robert B. David,

                                    *Defendants.*
-------------------------------------------------------------X

Plaintiff Rafiqul Islam  ("Plaintiff" or "Islam"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendant Ben's Kosher Delicatessen & Restaurant Inc., West 38 Kosher Deli Inc. (together, the "Corporate Defendants"), Ronald M. Dragoon, and Robert B. David (together, the "Individual Defendants", and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.     Plaintiff seeks injunctive and declaratory relief and to recover unpaid unlawfully deducted wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys'

fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.      The Court has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF RAFIQUL ISLAM**

7.      Plaintiff Islam was employed as a server at Defendants' delicatessen, known as "Ben's Kosher Deli", located at 209 West 38th St, New York, NY 10018.

8.      Plaintiff Islam was employed as a non-managerial employee at "Ben's Kosher Deli" from on or around January 2008 through and including August 2019.

9.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT BEN'S KOSHER DELICATESSEN & RESTAURANT INC.**

11.     Upon information and belief, Defendant Ben's Kosher Delicatessen & Restaurant Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 365 West 50th Street, New York, NY 10019.

12.     At all times relevant to this Complaint, Defendant Ben's Kosher Delicatessen & Restaurant Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant to this Complaint, Defendant Ben's Kosher Delicatessen & Restaurant Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.     At all times relevant to this Complaint, Defendant Ben's Kosher Delicatessen & Restaurant Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15.     Defendant Ben's Kosher Delicatessen & Restaurant Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16.     Defendant Ben's Kosher Delicatessen & Restaurant Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT WEST 38 KOSHER DELI INC.**

17.    Upon information and belief, Defendant West 38 Kosher Deli Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 365 West 50th Street, New York, NY 10019.

18.    At all times relevant to this Complaint, Defendant West 38 Kosher Deli Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19.    At all times relevant to this Complaint, Defendant West 38 Kosher Deli Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

20.    At all times relevant to this Complaint, Defendant West 38 Kosher Deli Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

21.    Defendant West 38 Kosher Deli Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22.    Defendant West 38 Kosher Deli Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT RONALD M. DRAGOON**

23.     Defendant Ronald M. Dragoon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Ronald M. Dragoon is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

25.     Defendant Ronald M. Dragoon possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

26.     Defendant Ronald M. Dragoon determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     At all times relevant to this Complaint, Defendant Ronald M. Dragoon was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT ROBERT B. DAVID**

28.     Defendant Robert B. David is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29.     Defendant Robert B. David is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

30.     Defendant Robert B. David possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

31.     Defendant Robert B. David determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

32.     At all times relevant to this Complaint, Defendant Robert B. David was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

33.     Defendants own, operate and/or control a Kosher Deli, known as "Chez Napoleon", located at 209 West 38th St, New York, NY 10018.

34.     The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

39.     Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants

as entities legally separate and apart from themselves, by, among other things:

    a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b.    defectively forming or maintaining the Corporate Defendants, by among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.    transferring assets and debts freely as between all Defendants;

    d.    operating the Corporate Defendants for their own benefit as the majority shareholders;

    e.    operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

    f.    intermingling assets and debts of their own with the Corporate Defendants;

    g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    h.    other actions evincing a failure to adhere to the corporate form.

40.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

41.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

42.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

43.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

44.     Plaintiff was an employee of Defendants.

45.     Plaintiff was employed as a server at Defendants' delicatessen, known as "Ben's Kosher Deli", located at 209 West 38th St, New York, NY 10018.

46.     From approximately November 2016 to, through and including August 2019, Plaintiff worked four (4) to five (5) days per week, as follows: from approximately 11:00 a.m. to 10:00 p.m. or 10:30 p.m. (*i.e.,* eleven (11) or eleven-and-a-half (11.5) hours per day) for a total average of approximately 44 to 57.5 hours during each of the weeks, respectively.

47.     At all relevant times, Plaintiff was paid at or around the prevailing minimum wage.

48.     At all relevant times, Plaintiff was paid at or around the prevailing overtime wage, for any hours worked over forty (40) per week.

49.     At all relevant times, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's wages.

50.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

51.     At all relevant times herein, Defendants required Plaintiff, and all similarly situated individuals, to distribute 2.75% of daily sales to busboys, irrespective of the amount of gratuities actually received from customers.

52.     Defendants required Plaintiff, and all similarly situated individuals, to distribute these daily sales, using their own cash wages.

53.     Plaintiff, and all similarly situated individuals, were required to give 2.75% of daily sales, using their own cash wages, to the busboys at Ben's Kosher Deli.

54. As a result of this policy, Defendants failed to provide Plaintiff, and all similarly situated individuals, with accurate IRS FormsW-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff, and all similarly situated individuals.

55. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434.

56. Under 26 U.S.C . § 7434 (b) , Defendants are liable for at least $5000 to each Plaintiff, and all similarly situated individuals, for each fraudulent filing, which would have to be at least once a year.

57. The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

58. The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

59. Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

60. Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

61. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

62.     Defendants employed and accounted for Plaintiff as a tipped worker in their payroll, but in actuality his duties required a significant amount of time spent performing non-tipped duties.

63.     Regardless, at all times, Defendants paid Plaintiff and all other tipped employees at a rate that was lower than the required tip-credit rate.

64.     Plaintiff was never notified by Defendants that his tips would be included as an offset for wages.

65.     At no time did Defendants inform Plaintiff that they had reduced his hourly wage by a tip allowance.

66.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

67.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

69.     Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff his statutory right to receive true and accurate information about the nature of his employment and related compensation policies.

70.     Moreover, the breach of the obligations injured Plaintiff by denying his the right to know the conditions of his compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings the First and Third Claims for Relief as a collective action pursuant

to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

72.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules by automatically deducting employee's cash wages. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

73.     The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

74.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(Unlawful Wage Deductions Under the FLSA)**

75.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.     Defendants have made unlawful deductions and required kickbacks from Plaintiff's wages, including but not limited to, deductions from Plaintiff's cash wages.

77.     The deductions made from Plaintiff's wages have not been authorized or required by law.

11

78.     The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

79.     Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

80.     Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**SECOND CLAIM**
**(NYLL – Unlawful Deductions)**

81.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

83.     New York State Labor Law § 195-2.1 prohibits any employer or his agents, including owners and managers, from making any deductions from wages, including, *inter alia*, deductions for repayments of loans, advances and overpayments; employee "tools of the trade"; recoupment of unauthorized expenses; repayment of employer losses, including cash shortages; fines or penalties for tardiness; and fees, interest or the employer's administrative costs. *See* NYLL § 195.2-1.

84.     Defendants unlawfully misappropriated a portion of Plaintiff's wages.

85.     Defendants knowingly and intentionally retained a portion of Plaintiff's wages in violations of the NYLL and supporting Department of Labor Regulations.

86.     Plaintiff was damaged in an amount to be determined at trial.

### THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

89.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

90.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

### FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

91.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

93.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### FIFTH CLAIM
### (Violation of 26 U.S.C. § 7434(a))

94.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

95.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a)

96.     By failing to provide Plaintiff and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

97.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

98.     Pursuant to 26 U.S.C. § 7434 (b)(3) , Defendants are also liable to Plaintiff for reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs,

respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were a victim of Defendants' illegal wage deduction practices, and failure to pay minimum wages;

    b.    certification of this case as a collective action pursuant to the FLSA;

    c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

    d.    declaring that Defendants violated 26 U.S.C. § 7434;

    e.    declaring that Defendants violated the unlawful deduction provisions of the NYLL and the NYDOL regulations;

    f.    declaring that Defendants violated the unlawful deduction provisions of the FLSA;

    g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

    h.    awarding Plaintiff any actual damages sustained, or in any event not less than $5,000.00 per fraudulent filing, as well as costs of litigation and reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434

    i.    awarding Plaintiff statutory damages as a result of Defendants' breach of the NYC Charter;

    j.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

    k.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

    l.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       November 7, 2022                          Respectfully submitted,


                                        By:  /s/ Joshua Levin-Epstein
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             60 East 42nd Street, Suite 4700
                                             New York, New York 10165
                                             Tel: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiff and proposed FLSA*
                                             *Collection Action Plaintiffs*